UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY G. WHITE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-2045 (RJL) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION
(September 26, 2012) [# 11]

In this action filed *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff, a federal prisoner, challenges defendant Department of Justice's ("DOJ's") response to his request for records pertaining to him. Specifically, plaintiff questions the adequacy of defendant's search that located just 23 responsive records and defendant's justification for withholding those records in their entirety under certain FOIA exemptions. Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted or for summary judgment under Rule 56 [Dkt. # 11]. Upon consideration of the parties' submissions and the entire record, the Court DENIES defendant's motion and directs it to supplement the record.

1

## BACKGROUND

By letter dated January 16, 2010 and received by DOJ's Mail Referral Unit, plaintiff requested "all records pertaining to [himself]." Decl. of Kristin Ellis ("Ellis Decl.") [Dkt. # 11-5], Ex. 1. The request was forwarded to the Criminal Division for processing. *Id.* ¶ 8. In response to the Criminal Division's letter acknowledging the request and seeking additional information, plaintiff returned a form the Criminal Division had provided indicating that he was requesting searches of the following sections: Appellate, Asset Forfeiture and Money Laundering, Fraud, Gang, Narcotic and Dangerous Drug (NDDS), Electronic Surveillance Unit, Organized Crime and Racketeering, Executive Office for Organized Crime Drug Enforcement Task Force (OCDETF), and National Gang Targeting, Enforcement & Coordination Center (GangTECC). *Id.*, Ex. 3.

By letter of October 27, 2010, the Criminal Division informed plaintiff that "a search of the appropriate indices of Criminal Division records" located no responsive records. *Id.*, Ex. 7. It further informed plaintiff that, since OCDETF was no longer a part of the Criminal Division and had become an independent DOJ component, that "portion of [plaintiff's] request" was being referred to OCDETF for processing and a direct response to plaintiff. *Id.* The Criminal Division also advised plaintiff about his right to appeal "this denial of your request" to the Office of Information Policy ("OIP") within 60 days "of the date of this letter." *Id.* "Plaintiff did not appeal [the Criminal Division's] 'no records' response to OIP." *Id.* ¶ 19.

2

The Criminal Division forwarded responsive pages to OCDETF, *Id.*, Ex. 8, which, in turn, referred three documents totaling 23 pages to DOJ's Executive Office for United States Attorneys ("EOUSA") by letter dated December 23, 2010.  Decl. of David Luczynski ("Luczynski Decl.") [Dkt. 11-4], Ex. A.  By letter of January 18, 2011, EOUSA informed plaintiff that it was withholding the 23 referred pages under FOIA exemptions 2, 6, 7(C), 7(D), 7(E), and 7(F), *see* 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2).  *Id.*, Ex. B.

Plaintiff appealed EOUSA's decision to the Office of Information Policy ("OIP") allegedly by letter dated on January 21, 2011, *see* Luczynski Decl. ¶ 6 & Ex. C, but OIP, having no record of that appeal letter, later denied plaintiff's appeal it purportedly received on September 13, 2011, as untimely.  *Id.*, Ex. H.  Plaintiff filed this action on November 17, 2011.  Compl. [Dkt. # 1].

## STANDARD OF REVIEW

Summary judgment shall be granted when the movant demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When, as will become apparent here, "a party fails to properly support an assertion of fact . . . the court may: (1) give an opportunity to properly support or address the fact . . . ."  Fed. R. Civ. P. 56(e).

In a FOIA action, the Court may award summary judgment based solely on information provided in affidavits or declarations if they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the

information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted). To rebut the presumption, a plaintiff "must point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible[,]" is adequately supported, and is not contradicted by the record. *Larson v. Dep't of State*, 565 F.3d 857, 862, 870 (D.C. Cir. 2009) (citation and internal quotation marks omitted). "When assessing a motion for summary judgment under FOIA, the Court shall determine the matter *de novo*." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598 F. Supp. 2d 93, 95 (D.D.C. 2009) (citing 5 U.S.C. § 552(a)(4)(B)).

## ANALYSIS

Defendant seeks dismissal of the complaint on the ground that plaintiff failed to exhaust his administrative remedies with regard to the Criminal Division's response. "[A]s a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its FOIA determinations in the first instance. *Hidalgo v. FBI*, 344 F.3d 1256, 1258-59 (D.C. Cir.

2003). Since plaintiff's administrative appeal of the Criminal Division's "no records response" would be untimely and exhaustion is not jurisdictional, the Court finds it more prudent to resolve the merits of this action. Hence, it will deny defendant's motion to dismiss the complaint for failure to exhaust administrative remedies.

Plaintiff first challenges DOJ's search for records, contending that "[l]ogic would dictate that given the fact Plaintiff went to trial, there would be an abundance more than the twenty three pages which has thus far been acknowledged." Pl.'s Opp'n to Def.'s Mot. to Dismiss or Alternatively for Summ. J. ("Pl.'s Opp'n") at 1-2 [Dkt. # 13]. The agency to which a FOIA request is submitted is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc. v. Agency for Intern. Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (other citations omitted). As a general rule, "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citation omitted).

When an agency's search for responsive records is questioned, the Court must determine whether it was adequate. This presupposes, however, that the agency has proffered "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326

(D.C. Cir. 1999) (citations omitted); *see Morley v. CIA*, 508 F.3d 1108, 1116 (D.C. Cir. 2007) ("[I]n adjudicating the adequacy of the agency's identification and retrieval efforts, the trial court may be warranted in relying upon agency affidavits . . . . However, such reliance is only appropriate when the agency's supporting affidavits are relatively detailed and nonconclusory and . . . submitted in good faith.") (citations and internal quotation marks omitted) (alteration and ellipses in original). DOJ's declarant states only that "the FOIA/PA Unit initiated searches" of the Criminal Division sections plaintiff had checked as wanting to be searched. Ellis Decl. ¶ 14. This conclusory statement provides no useful information for the Court to assess defendant's search and determine its adequacy.

Plaintiff next challenges defendant's invocation of FOIA exemptions to justify its withholding completely of the located responsive records. He correctly contends that defendant has failed to articulate the "basis for the exemption(s) claimed." Pl.'s Opp'n at 5; *see* Luczynski Decl. ¶ 5 (summarizing release letter listing FOIA exemptions 2, 6, 7(C), 7(D), 7(E), 7(F)). It is established that "when an agency seeks to withhold information, it must provide 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply[.]' " *Morley*, 508 F.3d at 1122 (quoting *King v. Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987)) (other citation omitted). Since defendant's declarant has provided neither a detailed explanation for the asserted exemptions nor an index consistent with the requirements of *Vaughn v.*

*Rosen*, 484 F.2d 820 (1973), the Court has no basis to rule on the propriety of the asserted exemptions and to make a so-called segregability finding with regard to defendant's withholding of the responsive records in their entirety. *See Trans-Pacific Policing Agreement v. U.S. Customs Service*, 177 F.3d 1022, 1027 (D.C. Cir. 1999) (explaining the district court's "affirmative duty to consider the segregability issue *sua sponte*") (internal citations omitted).

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss without prejudice. A separate Order accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge