UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY G. WHITE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 11-2045 (RJL) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION
July __9__, 2013 [# 19]

Plaintiff, proceeding *pro se*, challenges the Department of Justice's ("DOJ's") response to his request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for records pertaining to him. On September 26, 2012, the Court denied defendant's Motion to Dismiss or for Summary Judgment and directed it to supplement the record with regard to the search for responsive records and the claimed exemptions. *White v. DOJ*, 893 F. Supp. 2d 24 (D.D.C. 2012). Defendant renewed its motion for summary judgment, Def.'s Renewed Mot. for Summ. J., Dec. 6, 2012 [Dkt. # 19], and plaintiff opposed the motion. Pl.'s Mem. in Response to Def.'s Renewed Mot. for Summ. J. ("Pl.'s Opp'n"), Jan. 7, 2013 [Dkt. # 20]; Pl.'s Mem. in Response to the Court's Order of Jan. 9, 2013 ("Pl.'s Supp. Opp'n"), Jan. 15, 2013 [Dkt. # 23]. Upon consideration of the parties' submissions and the entire record, the Court GRANTS defendant's Motion for Summary Judgment.

## BACKGROUND

By letter dated January 16, 2010 and received by DOJ's Mail Referral Unit, plaintiff requested "all records pertaining to [himself]." *White*, 893 F. Supp. 2d at 26. The request was forwarded to the Criminal Division for processing. In response to the Criminal Division's request for additional information, plaintiff completed a form indicating that he was requesting searches of the following sections: Appellate, Asset Forfeiture and Money Laundering, Fraud, Gang, Narcotic and Dangerous Drug (NDDS), Electronic Surveillance Unit, Organized Crime and Racketeering, Executive Office for Organized Crime Drug Enforcement Task Force (OCDETF), and National Gang Targeting, Enforcement & Coordination Center (GangTECC). *Id.*

Defendant's "search of the appropriate indices of Criminal Division records" located *no* responsive records. *Id.* While plaintiff's request was pending, OCDETF became an independent DOJ component, and that "portion of [plaintiff's] request" was referred to OCDETF for processing and a direct response to plaintiff. *Id.* OCDETF, in turn, referred three documents totaling 23 pages to DOJ's Executive Office for United States Attorneys ("EOUSA"). EOUSA withheld the pages in full under FOIA exemptions 2, 6, 7(C), 7(D), 7(E), and 7(F), *see* 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2). *Id.*

## STANDARD OF REVIEW

Summary judgment must be granted when the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). "When assessing a motion for summary judgment under FOIA, the Court shall determine the matter *de novo*." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598 F. Supp. 2d 93, 95 (D.D.C. 2009) (citing 5 U.S.C. § 552(a)(4)(B)).

In a FOIA action, the Court may award summary judgment based solely on information provided in affidavits or declarations if they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks omitted). To rebut the presumption, a plaintiff "must point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible[,]" is adequately supported, and is not contradicted by the record. *Larson v. Dep't of State*, 565 F.3d 857, 862, 864-65 (D.C. Cir. 2009) (citation and internal quotation marks omitted).

The agency to which a FOIA request is submitted is required to "make a good faith effort to conduct a search for the requested records, using methods which can

reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc. v. Agency for Int'l Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. DOJ*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (other citations omitted). "In determining the adequacy of a [FOIA] search, the Court is guided by principles of reasonableness." *Id.* (citing *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citations omitted). "Once the agency has shown that its search was reasonable, the burden is on [the plaintiff] to rebut [the defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)).

Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)). However, the mere fact that a particular record was not found does not render the search inadequate. *Boyd v. Crim. Div. of U.S. DOJ*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) (citing *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)) (other citation omitted). "The adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the

4

search." *Santana v. DOJ*, 828 F. Supp. 2d 204, 209 (D.D.C. 2011) (quoting *Iturralde*, 315 F.3d at 315) (internal quotation marks and other citation omitted).

## ANALYSIS

Plaintiff contests two elements of defendant's response to his FOIA request. First, he suspects that more responsive material should have been discovered in response to his FOIA request. *See* Pl.'s Opp'n at 2-3. Second, he contests the justification for withholding the 23 pages from the EOUSA referral. *Id.* at 3-4. Unfortunately, for plaintiff, defendant has shown that it satisfied its search obligation and properly withheld the 23 pages. As such, I must grant defendant's renewed motion for summary judgment.

### I. Defendant's Search for Records

To demonstrate the adequacy of its search, defendant proffers the second Declaration of David Luczynski, Dec. 6, 2012 [Dkt. # 19-3], Attorney Advisor for EOUSA, and the Declaration of John E. Cunningham III, Dec. 5, 2012 [Dkt. # 19-4], Trial Attorney in DOJ's Criminal Division. Both declarants state that they work in their respective FOIA units and have acquired personal knowledge about the processing of plaintiff's request during the performance of their official duties. *See* Luczynski Decl. ¶¶ 1-3; Cunningham Decl. ¶¶ 1-4. "A declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56[(c)(4)] if in his declaration, he attests to his personal knowledge of the procedures used in handling a FOIA request and his familiarity with the documents in question." *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (citations, internal quotation marks, and alterations omitted); *see SafeCard*

*Servs., Inc.*, 926 F.2d at 1201 (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit") (citation omitted).

Cunningham states that, on May 14, 2010, the Criminal Division's FOIA/PA Unit searched the sections plaintiff had identified using "the term 'Anthony Gerald White.' " Cunningham Decl. ¶ 13. Each section "would have [searched its] own Automated Case Tracking System ("ACTS")," which "is a comprehensive electronic database that stores records [as far back as 1978] related to investigations conducted by attorneys throughout [the Criminal Division] . . . ." *Id.*

In addition, the Criminal Division "electronically searched CRM-001, the Central Criminal Division Index File, which is a system of records consisting of indices of names and associated records related to subjects/target of investigations or defendants in prosecutions involving [the Criminal Division]." *Id.* ¶ 14. This search utilized four variations of plaintiff's name and covered "records related to the time period of '1980-Present,' and . . . 'State/Offense: MD/Conspiracy to Distribute & Possess. Cocaine Base; Poss. of Firearm & Poss. of Ammunition.' " *Id.* The foregoing searches failed to locate responsive records in the Criminal Division's control. *Id.* ¶¶ 13, 14.

The Court is satisfied from Cunningham's description of the filing systems searched and the search methods employed that the Criminal Division conducted a search reasonably calculated to locate responsive records. Since the documents EOUSA processed were "sent as a referral from OCDETF," Luczynski Decl. ¶ 13, EOUSA did not perform a search and had no obligation to do so in the absence of a request made

6

directly to it.[1] *See* 5 U.S.C. § 552(a)(3)(A) (agency's disclosure obligations triggered "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules. . ."); 28 C.F.R. § 16.3 ("In most cases, [a] FOIA request [for DOJ records] should be sent to a component's central FOIA office.").

## II. Defendant's Claimed Exemptions

Upon review of the claimed exemptions, the Court finds that defendant was entitled to withhold from plaintiff the 23 pages from the EOUSA referral. Initially, EOUSA withheld the 23 referred pages in full initially under FOIA exemptions 2, 6, 7(C), 7(D), 7(E), and 7(F). Luczynski Decl. ¶ 5 & Ex. B. In this litigation, EOUSA relies upon only exemptions 5 and 7. Luczynski Decl. ¶ 14; *see* Def.'s Mem. of P. & A in Supp. of Def.'s Renewed Mot. for Summ. J., Dec. 6, 2012 [Dkt. # 19-2] at 6 n.1 ("EOUSA is abandoning its use of Exemption (b)(2).").

---

[1] In his opposition, plaintiff declares that he has "personal knowledge that grand jury testimony existed from his criminal case, and was part of the government's files . . . ." Suppl. Aff. of Anthony G. White, Sr. [Dkt. # 23] ¶ 7. The existence of such records does not raise doubt about the reasonableness of the Criminal Division's search, since any grand jury records are more likely maintained by EOUSA as the government's prosecuting arm. *See, e.g., Adionser v. DOJ*, 811 F. Supp. 2d 284 (D.D.C. 2011) (approving EOUSA's withholding of grand jury records under FOIA exemption 3); *Dipietro v. EOUSA*, 357 F. Supp. 2d 177 (D.D.C. 2004) (same). To be clear, EOUSA is not a party defendant in this action but rather provides material evidence with regard to OCDETF's referral of responsive records. *See Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1118 (D.C. Cir. 2007) (an agency must act upon receiving an initial request but "may acquit itself through a referral, provided the referral does not lead to improper withholding under the *McGehee* test") (applying *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983)); 28 C.F.R. § 16.4(c) (authorizing a DOJ component to, *inter alia*, "refer" a record to "the component best able to determine whether to disclose it . . . . Ordinarily, the component . . . that originated a record will be presumed to be best able to determine whether to disclose it."). Hence, the outcome of this case has no bearing on any request plaintiff might submit to EOUSA.

7

FOIA Exemption 5 protects from disclosure inter-agency or intra-agency letters or memoranda "which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5). To qualify for this exemption, a document "must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Courts have incorporated civil discovery privileges into this exemption, such as attorney work-product, attorney-client privilege, and "deliberative process" privilege. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148-49 (1975); *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866 (D.C. Cir. 1980).

EOUSA asserts the attorney work-product privilege as the basis for withholding the referred pages in full. Luczynski Decl. ¶¶ 18-19. The pages are described as "OCDETF Forms" comprising three documents. *Id.*, Ex. A (Referral Letter). The attorney work-product privilege protects records prepared by or for an attorney in anticipation of litigation. *See Williams & Connolly v. SEC*, 662 F.3d 1240, 1243 (D.C. Cir. 2011) (quoting Fed. R. Civ. P. 26(b)(3)(A)) (citing cases). "The OCDETF program is a multi-agency organization" that "supports the work of . . . federal agents[,] prosecutors[,] and . . . state and local law enforcement officers who participate in OCDETF cases." Luczinsky Decl. ¶ 19; Cunningham Decl., Ex. 3 (Descriptive List of Criminal Division Sections at 4). Luczinsky describes the OCDETF forms as "documents . . . assembled by, or at the direction of, an attorney . . . made in the course of an investigation and in anticipation of one or more prosecutions." Luczinsky Decl. ¶ 18. The attorney uses the forms to "track and describe the status of investigations and collect

statistics on investigation." *Id.* ¶ 19. Luczynski states that anyone completing the forms "is reading that [they] are 'Law Enforcement Sensitive.'" *Id.* ¶ 18. In addition, the cover sheet to the forms contains language that "also restricts [their] distribution." *Id.*

EOUSA properly withheld in full the 23 pages of forms under exemption 5 as attorney work-product. *See Martin v. DOJ*, 488 F.3d 446, 455-56 (D. C. Cir. 2007) (quoting *Judicial Watch, Inc.*, 432 F.3d at 371 ("If a document is fully protected as [attorney] work product, then segregability is not required.")); *Dipietro*, 357 F. Supp. 2d at 184 (approving EOUSA's exemption 5 attorney work-product justification). Hence, the Court need not address whether the pages were properly withheld also under exemption 7. *See Martin*, 488 F.3d at 456 (declining to address the propriety of withholding the same information under exemptions 6 and 7(C) where "the requested document is attorney work-product that would not have been subject to routine disclosure").

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's renewed Motion for Summary Judgment. A separate Order accompanies the Memorandum Opinion.

       *[signature]*
RICHARD J. LEON
United States District Judge